IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:25CR123 |
| v. | § | Judge Jordan |
| | § | |
| JOSEPH RAY ROBERTSON | § | |

## PRELIMINARY ORDER OF FORFEITURE

Defendant entered a guilty plea to Count One of the First Superseding Indictment, filed on July 9, 2025.  Pursuant to 18 U.S.C. §§ 2253(a)(1) and (a)(3), the government requests that Defendant's right, title, and interest to the following property be forfeited to the United States:

a.  Black Google Pixel 9 Pro XL cellular phone, bearing IMEI # 358853841541873;

b.  White and red animal costume including the head, torso, hands, feet, and tail (adult-sized), wherever they may be located;

c.  Black and gold animal costume head;

d.  Maroon and black animal costume, including hands, tail, and feet;

e.  Furry convention credentials, character badges, and souvenirs;

f.  One leash;

g.  Bondage straps;

h.  Gray Asus Model M415D laptop computer, bearing serial number N9N0CV13K75839D; and

i.  White Asus Tuf gaming desktop computer, bearing serial number LCEC10131110.

By virtue of the plea and admission, the United States is now entitled to possession of the above-referenced property pursuant to 18 U.S.C. §§ 2253(a)(1) and (a)(3), and Fed. R. Crim. P. 32.2(b)(2).

Accordingly, the Court orders that:

1.      Based upon Defendant's change of plea hearing and the findings entered by the Court, the United States is hereby authorized to seize the aforementioned property. The property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of Rule G(4)(a)(i) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims, which sets out the notice by publication requirements that are applicable in this case.

2.      The forfeited property is to be held by the custodial agency and its agents and vendors in their custody and control.

3.      Pursuant to 28 U.S.C. § 2461, when a defendant is convicted of the offense giving rise to the forfeiture, and the forfeiture matter is pursued through the criminal case, the procedures set forth in 21 U.S.C. § 853 apply. Therefore, pursuant to 21 U.S.C. § 853(n)(1), Supplemental Rule G(4)(a)(iv)(C), and the Attorney General's authority to determine the manner of publication of an order of forfeiture in a criminal case, the United States shall publish for at least thirty (30) consecutive days at www.forfeiture.gov notice of this Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than Defendant, having or claiming a legal interest in the above-described forfeited property must file a petition with the court no later than sixty (60)

days after the first day of publication on an official Internet government forfeiture site, or within thirty (30) days of receipt of direct notice, whichever is earlier.

a.      The notice shall: (1) state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; (2) be signed by the petitioner under penalty of perjury, and (3) set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

b.      The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

**SIGNED this 20th day of April, 2026.**


AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE